IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LAWRENCE EDWARD COMBS,

      Petitioner,

v.                                                Civil Action No. 3:12CV676

HAROLD W. CLARKE,

      Respondent.

## MEMORANDUM OPINION

Petitioner Lawrence E. Combs, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("§ 2254 Petition" (ECF No. 1)) and an Amended § 2254 Petition (ECF No. 11) pursuant to 28 U.S.C. § 2254.[1]  Combs challenges his convictions in the Circuit Court of the City of Hampton ("Circuit Court") for multiple crimes related to Combs's sexual molestation of a family member.  In his § 2254 Petition and Amended § 2254 Petition, Combs demands relief upon the following grounds:[2]

| | | |
|---|---|---|
| Claim 1 | "No physical evidence[.]" (§ 2254 Pet. 5.) | |
| Claim 2 | "No DNA evidence[.]" (*Id.* at 6.) | |
| Claim 3 | "Offered plea bargain to[o] late.  Did not have time to consider it." (*Id.* at 8.) | |

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] The Court corrects the capitalization in the quotations to Combs's submissions.

| Claim 4 | "[(a)] Charged for the same crime more than one time[;]  [(b)] No certificate of analysis[,] saliva test, DNA, Rape Test[; and, (c)] Ineffective assistance from counsel." (*Id.* at 10.) |
| Claim 5 | "When sentenced[,] Judge did not suspend any of [the] time given[.]" (*Id.* at 12.) |
| Claim 6 | Insufficient evidence supported Combs's convictions "for forcible sodomy and object sexual penetration." (Amended § 2254 Pet., Addendum 1.) |
| Claim 7 | "Combs'[s] convictions for both forcible sodomy and carnal knowledge subjected Combs to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.[³]" (*Id.* at 16.) |

Respondent filed a Motion to Dismiss (ECF No. 13) and Rule 5 Answer (ECF No. 14),

providing Combs with appropriate *Roseboro*[4] notice (ECF No. 16).  Combs responded.  (ECF

No. 20.)  The matter is ripe for disposition.  Jurisdiction exists under 28 U.S.C. §§ 636(c) and

2254.

At the outset, the Court notes that all of Claim 4 likely warrants summary dismissal.  *See*

*Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of § 2255 motion

appropriate where petitioner "stated only bald legal conclusions with no supporting factual

allegations").  However, in the Virginia courts, Combs raised a double jeopardy claim and

challenges to the sufficiency of the evidence that bear a resemblance to Claims 4(a) and 4(b).

Considering Combs's *pro se* status, the Court will read portions of this claim to press the double

jeopardy challenge and challenges to the sufficiency of the evidence that Combs advanced in the

Virginia courts.  No such generous construction can save Claim 4(c).  Combs fails to specify

---

[3] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

any facts to support his assertion that counsel performed deficiently and failed to properly raise an ineffective assistance of counsel claim in the Virginia courts. *See Newby v. Dep't of Corr.*, No. 3:11CV844, 2013 WL 949874, at \*4 (E.D. Va. Mar. 11, 2013) (citing *Sanders* and dismissing a conclusory claim of ineffective assistance of counsel). Accordingly, Claim 4(c) will be DISMISSED.

For the reasons that follow, the Court will DISMISS Claims 1, 2, 3, 4(a), 4(b) and 5 as procedurally defaulted. The Court will DISMISS Claims 6 and 7 as lacking in merit. Additionally, the Court will dismiss those aspects of Claim 4(a) and 4(b) that Combs pursued on his state direct appeal as lacking in merit.

## I. Procedural History

### A.     Conviction and Direct Appeal

Following a bench trial in the Circuit Court, the Circuit Court found Combs guilty of four counts of indecent liberties, aggravated sexual battery, three counts of forcible sodomy, object sexual penetration, and three counts of crimes against nature. *Commonwealth v. Combs*, Nos. 08-1047-00 through -12, at 1-2 (Va. Cir. Ct. Jan. 28, 2009). The Circuit Court sentenced Combs to ninety-four (94) years of imprisonment. *Commonwealth v. Combs*, Nos. CR08-1047-00, -01, -02, -03, -04, -05, -06, -08, -09, -10, -11 & -12, at 2 (Va. Cir. Ct. May 1, 2009).

On appeal to the Court of Appeals of Virginia, Combs asserted:

I.     "[T]he trial court erred in admitting evidence about an incident that occurred in May 2003, seven months before the date he began committing the crimes for which he was on trial." *Combs v. Commonwealth*, No. 1123-09-1, at 1 (Va. Ct. App. Dec. 11, 2009).

II.     "[T]here was insufficient evidence to support his three convictions for forcible sodomy and his conviction for object sexual penetration. The victim turned thirteen in February 2004, . . . the Commonwealth failed to prove the crimes committed after [J.B.] turned thirteen were committed by force, threat, or intimidation, or through J.B.'s physical helplessness." *Id.* at 3.

3

III.     "[T]he trial court 'violated [his] constitutional protections against double jeopardy by convicting him of forcible sodomy and crimes against nature for the same acts, through three pairs of indictments." *Id.* at 5 (second alteration in original).

IV.     "[T]here was insufficient evidence that he committed any crimes as alleged in the indictments for crimes committed during the time period of March 1, 2004 through March 31, 2004." *Id.* at 7.

The Court of Appeals of Virginia denied Combs's petition for appeal. *Id.* at 1. Combs raised

largely the same claims to the Supreme Court of Virginia. Petition for Appeal at 2-3, *Combs v.*

*Commonwealth*, No. 100584 (Va. filed Mar. 25, 2010). The Supreme Court of Virginia refused

the petition for appeal. *Combs v. Commonwealth*, No. 100584, at 1 (Va. Sept. 16, 2010).

## B.     State Habeas

Combs filed a petition for a writ of habeas corpus in the Circuit Court where he claimed,

"No physical evidence, no DNA evidence[.]" Petition for Writ of Habeas Corpus ¶ 14, *Combs v.*

*Clarke*, No CL11-1917 (Va. Cir. Ct. filed Sept. 12, 2011.) The Circuit Court construed Combs

"to allege that the evidence adduced against him was insufficient to sustain his convictions

because there was no DNA or other physical evidence." *Combs v. Clarke*, No. CL11-1917, at 2

(Va. Cir. Ct. May 25, 2012). The Circuit Court found that such a claim was barred because it

could have been, but was not, raised at trial and on direct appeal. *Id.* (citing *Slayton v. Parrigan*,

205 S.E.2d 680, 682 (Va. 1974)). Combs failed to pursue a further appeal to the Supreme Court

of Virginia.

This Court generally disposes of the procedurally defaulted claims before turning to the

merits of those claims a petitioner has preserved for federal habeas corpus review. In this

instance, however, given the inchoate nature of some of Combs's claims, primary resolution of

the possibly preserved claims will facilitate the procedural default analysis.

4

## II. Applicable Constraints Upon Federal Habeas Corpus Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that

he or she is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008)

(citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may

not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state

court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a

federal court believes the state court's determination was incorrect but whether that

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550

U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).[5]

## III. Sufficiency of the Evidence

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence

only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a

---

[5] In light of the foregoing statutory structure, the Virginia courts' factual findings and
disposition of Combs's claims figure prominently in this Court's opinion.

review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

In Claim 6, Combs contends insufficient evidence supported his convictions "for forcible sodomy and object sexual penetration." (Amended § 2254 Pet., Addendum 1.) The pertinent indictments specified that:[6]

> "Between March 1, 2004, and March 31, 2004" Combs "commit[ed] forcible sodomy on J.B., a child less than thirteen years of age, in violation of . . . . Virginia Code: 18.2-67.1(A)(2)." Indictment at 1, *Commonwealth v. Combs*, No. 1108-092. ("Forcible Sodomy Count One")

> "Between April 1, 2005, and May 31, 2005" Combs caused J.B. "to unwillingly engage in sodomy, by force, threat, or intimidation, or through the use of such person's physical helplessness or mental incapacity, in violation of § 18.2-67.1 of the Code of Virginia . . . ." Indictment at 1, *Commonwealth v. Combs*, No. 1108-093. ("Forcible Sodomy Count Two")

> "On or about December 27, 2007" Combs caused J.B. "to unwillingly engage in sodomy, by force, threat, or intimidation, or through the use of such person's physical helplessness or mental incapacity in violation of § 18.2-67.1 of the Code of Virginia . . . ." Indictment at 1, *Commonwealth v. Combs*, No. 1108-095. ("Forcible Sodomy Count Three")

> "Between April 1, 2005, and May 31, 2005" Combs committed "inanimate or animate object sexual penetration on J.B. a child less than thirteen (13) years of age, in violation of . . . . Virginia Code: 18.2-67.2(A)(2)." Indictment at 1, *Commonwealth v. Combs*, No. 1108-094. ("Object Sexual Penetration Count")[7]

---

[6] The Court omits any emphasis in the quotations to the Indictments.

[7] On the day of trial, the Circuit Court granted the prosecution's motion to amend the Indictments on Forcible Sodomy Count One and the animate object sexual penetration to provide that such acts were committed with "force, threat or intimidation." (Jan. 28, 2009 Tr. 6-9.)

In the Virginia courts, Combs argued insufficient evidence existed "because there was no evidence that any acts were accomplished against the complainant's will by force, threat or intimidation." Petition for Appeal at 12, *Commonwealth v. Combs*, No. 1123-09-1 (Va. Ct. App. filed Sept. 4, 2009). In rejecting this claim, the Virginia Court of Appeals summarized the evidence of Combs's guilt as follows:

> In 2003, appellant lived with J.B. and J.B.'s parents and supervised him when J.B.'s parents were at work. In May 2003, appellant drove J.B. to Yorktown, and while there, appellant unzipped his pants and masturbated in front of J.B. Appellant then asked J.B. to masturbate, too. J.B. refused, and appellant ejaculated. J.B. testified that this particular incident was the first time appellant engaged in sexual activity in front of him and that appellant's actions "shocked" and "frightened" him. Appellant did not engage in sexual conduct involving J.B. again until December 2003. This second incident began a period of continuous and repetitive sexual abuse against J.B. over a four-year period.

*Commonwealth v. Combs*, No. 1123-09-1, at 1-2 (Va. Ct. App. Dec. 11, 2009).

> The victim turned thirteen in February 2004, and appellant argues the Commonwealth failed to prove the crimes committed after he turned thirteen were committed by force, threat, or intimidation, or through J.B.'s physical helplessness.
>
> . . . .
>
> Appellant is J.B.'s family member and regularly cared for and supervised J.B. after school and on weekends when J.B.'s parents were not at home. J.B. testified that he was "shocked," "traumatized," and "frightened" by appellant's conduct in May 2003, when he masturbated in front of J.B. and encouraged him to do the same. J.B. tried to run from appellant, but returned after appellant said he would stop the conduct. J.B. was twelve years old at that time and did not turn thirteen until February 1, 2004. In December 2003, appellant began showing pornography to J.B., masturbating in his presence, and asking J.B. to participate. J.B. testified that appellant continued to "coerce [him]" to join in, and on December 20, 2004, J.B. "gave in and masturbated also."
>
> The appellant and the victim masturbated regularly until January 18, 2004, at which time appellant grabbed J.B.'s penis and stroked it. After that date, the two continued to watch pornography together, and appellant continued to masturbate himself and J.B.
>
> A month later, around February 2004, appellant spied on J.B. and "became really angry [at J.B.] and violently objected to [J.B.] masturbating [him]self." In addition, once after catching J.B. masturbating himself, appellant "snatched [J.B.'s] hand" and told him only he, appellant, was going to masturbate J.B.

7

In late February 2004, appellant began committing fellatio on J.B. Appellant performed such acts regularly up to twenty to twenty-five times per week. By March 2004, the sexual incidents occurred "usually every day that [J.B.] was left alone with [appellant]."

In the summer of 2004, J.B. was left in appellant's care every day, and appellant continued masturbating J.B. and performing oral sex on him "on a daily basis."

In spring 2005, appellant began inserting his fingers into J.B.'s anus. J.B. recalled that masturbation and oral sex occurred every time he was with appellant, but anal penetration took place "sometimes." J.B. testified that sometimes appellant "would leave bite marks [on his penis] when he would perform oral sex" on him.

*Id.* at 3-4 (alterations in original) (punctuation corrected).

The Court of Appeals provided the following explanation as to why sufficient evidence existed to establish the forcible sodomy counts and the object sexual penetration count[8] were committed by force, threat or intimidation:

> An accused shall be guilty of forcible sodomy if he or she engages in ... fellatio ... with a complaining witness [thirteen years or older] ... and ... [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness.

Code § 18.2-67.1(A)(2).

> Intimidation requires putting a victim in fear of bodily harm by exercising such domination and control of [him] as to overcome [his] mind and overbear [his] will. Intimidation may be caused by

---

[8] The relevant statute for that offense provided, in pertinent part:

A.     An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the ... anus of a complaining witness, whether or not his or her spouse, other than for a bona fide medical purpose, or causes such complaining witness to so penetrate his or her own body with an object or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person or to penetrate, or to be penetrated by, an animal, and
1. The complaining witness is less than 13 years of age, or
2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

Va. Code Ann. § 18.2-67.2 (West 2005).

> the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure.

*Sabol v. Commonwealth*, 37 Va. App. 9, 18, 553 S.E.2d 533, 537 (2001) (internal citations and quotations omitted); *see also Sutton v. Commonwealth*, 228 Va. 654, 324 S.E.2d 665 (1985). "[P]roof that the victim feared some type of bodily harm other than the harm inherent in the sexual assault" is not required. *Commonwealth v. Bower*, 264 Va. 41, 46, 563 S.E.2d 736, 738 (2002). "Matters such as the victim's age, the relative size of the defendant and victim [and] the familial relationship between the defendant and victim" are relevant matters for the fact finder to consider when determining whether the victim was intimidated. *Id.*

> Appellant supervised and exercised control over J.B. Appellant began sexually confronting and intimidating J.B. when he was twelve years old, and those actions escalated in frequency and seriousness and continued after J.B. turned thirteen. J.B. described how traumatized he was when appellant first began exposing his penis in May 2003, masturbating and encouraging J.B. to participate. Appellant continued intimidating J.B., voicing displeasure if J.B. did not please appellant sexually, becoming angry and violent toward J.B. if J.B. sought privacy or masturbated without appellant. In addition, appellant continuously pestered and harassed J.B. to participate in more serious and demanding sexual activity. J.B. testified that during these encounters appellant "would get a really violent temper and he would get angry and he would get in my face and growl at me."

*Id.* at 4-5 (alterations in original) (omissions in original). The Court agrees with the Court of Appeals of Virginia that "sufficient evidence established that [Combs] imposed psychological pressure on the victim, who was vulnerable and susceptible to such pressure, and thereby intimidated him." *Id.* at 5. Accordingly, Claim 6 will be DISMISSED.

In the Virginia courts, Combs also asserted insufficient evidence existed "to convict appellant of . . . any crimes alleged to have occurred during the time period of March 1 to March 31, 2004 because there was no evidence of any specific acts that occurred during that time." Petition for Appeal at 16-17, *Commonwealth v. Combs*, No. 1123-09-1 (Va. Ct. App. filed Sept. 4, 2009).[9]

---

[9] Combs was found "guilty of committing one count of sex abuse in violation of Code § 18.2-370.1, one count of forcible sodomy in violation of Code § 18.2-67.1, and one count of crimes against nature in violation of Code § 18.2-361(B) during the period from March 1, 2004

9

J.B. testified that for "roughly a month" (Jan. 28, 2009 Tr. 32-33) after January 18, 2004, "there would be less and less masturbation by me, [Combs] would do it for me." (Jan. 28, 2009 Tr. 32.) J.B. indicated the Combs would masturbate him "maybe twenty to twenty-five times a week." (Jan. 28, 2009 Tr. 36.)

By "late February of 2004," Combs began performing oral sex on J.B. (Jan. 28, 2009 Tr. 35.) J.B. testified that Combs performed oral sex upon him "hundreds of times. It's incalculable." (Jan. 28, 2009 Tr. at 38.) The prosecution then asked J.B. if any of the incidents of oral sex and masturbation had occurred between March 1, 2004 and March 31, 2004. (Jan. 28, 2009 Tr. 44.) J.B. stated that such incidents occurred "[u]sually every day that I was left alone with him." (Jan. 28, 2009 Tr. 44.) Considered in the light most favorable to the prosecution, such evidence sufficiently demonstrates that between March 1, 2004 and March 31, 2004, Combs committed sexual abuse in violation of section 18.2-370.1 of the Virginia Code,[10]

---

through March 31, 2004." *Combs v. Commonwealth*, No. 1123-09-1, at 7 (Va. Ct. App. Dec. 11, 2009).

[10] That statute provided :

A. Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or who stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally (i) proposes that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the child, or (ii) proposes to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361, or (iii) exposes his or her sexual or genital parts to such child, or (iv) proposes that any such child expose his or her sexual or genital parts to such person, or (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person, or (vi) sexually abuses the child as defined in § 18.2-67.10 (6), shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-370.1(A) (West 2004).

10

forcible sodomy in violation of section 18.2-67.1(A)(2) of the Virginia Code,[11] and crimes against nature in violation of section § 18.2-361(B) of the Virginia Code.[12] To the extent that in Claims 1, 2, and 4(b) Combs seeks to raise the same challenges to the sufficiency of the evidence that he pressed in the Virginia courts, such claims lack merit and will be dismissed.

## IV. Double Jeopardy

In Claim 7, Combs contends that his convictions for both forcible sodomy and carnal knowledge violated his rights under the Double Jeopardy Clause. "The Double Jeopardy Clause of the Fifth Amendment protects criminal defendants from repeated prosecutions for the same offense, *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982), and from multiple punishments for the same offense." *United States v. Keesee*, 498 F. App'x 297, 300 (4th Cir. 2012) (parallel citations omitted) (citing *United States v. Martin*, 523 F.3d 281, 290 (4th Cir. 2008)). An individual "may be convicted of two separate offenses arising from a single act" without violating the Double Jeopardy Clause, "if each charge requires proof of a fact not essential to the other." *Id.* at 300-01 (citing *United States v. Dixon*, 509 U.S. 688, 696 (1993)).

The Supreme Court has held, "'that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are

---

[11] The pertinent portion of this statute is set forth on page 8.

[12] That statute provided:

B. Any person who carnally knows by the anus or by or with the mouth his daughter or granddaughter, son or grandson, brother or sister, or father or mother shall be guilty of a Class 5 felony. However, if a parent or grandparent commits any such act with his child or grandchild and such child or grandchild is at least thirteen but less than eighteen years of age at the time of the offense, such parent or grandparent shall be guilty of a Class 3 felony.

Va. Code Ann. § 18.2-361(B) (West 2004).

11

two offenses or only one, is whether each provision requires proof of a fact which the other does

not.'" *Albernaz v. United States*, 450 U.S. 333, 337 (1981) (quoting *Blockburger v. United*

*States*, 284 U.S. 299, 304 (1932)). As the Court of Appeals of Virginia explained, Combs's

convictions for both forcible sodomy and crimes against nature in violation of section 18.2-

361(B) of the Virginia Code[13] pass muster under the *Blockburger* test:

> Code § 18.2-361(B) proscribes certain conduct committed against a specifically-defined class of family members.
>
> Under Code § 18.2-67.1(A), "[a]n accused shall be guilty of forcible sodomy if he or she engages in ... fellatio," and "[t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness."
>
> Code § 18.2-361(B) requires proof of a familial relationship, and force need not be proven. On the other hand, Code § 18.2-67.1 requires force or intimidation and does not require the complainant to be related to the victim. Because each crime contains an element that the other does not, the trial court did not err in refusing to find a constitutional double jeopardy violation.

*Commonwealth v. Combs*, No. 1123-09-1, at 6 (Va. Ct. App. Dec. 11, 2009) (omission in

original). Accordingly, Claim 7 will be DISMISSED.

In Claim 4(a), Combs complains "Charged for the same crime more than one time[.]"

(§ 2254 Pet. 10.) To the extent Combs seeks to raise the Double Jeopardy challenge discussed

above, the claim lacks merit. To the extent Combs seeks to raise some other challenge, Claim

4(a) is procedurally defaulted for the reasons discussed *infra* Part V.

## V. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of

---

[13] The pertinent text of this statute is recited *supra* in footnote 12.

the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

(internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize

all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v.

Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state

remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an

adequate "'opportunity'" to address the constitutional claims advanced on federal habeas.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995))

(additional internal quotation marks omitted). "To provide the State with the necessary

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court

(including a state supreme court with powers of discretionary review), thereby alerting that court

to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation

demands that a petitioner must present "'both the operative facts and the controlling legal

principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437,

448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden

of proving that a claim has been exhausted in accordance with a "state's chosen procedural

scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of

procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides

that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a

13

state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[14] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Circuit Court found that Combs had defaulted Claims 1 and 2, because Combs could have, but failed to, raise such arguments on direct appeal. *Combs v. Clarke*, No. CL11-1917, at 2 (Va. Cir. Ct. May 25, 2012) (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). For the same reason, the Circuit Court found defaulted the portion of Claim 4(b) wherein Combs asserted the evidence adduced against him was insufficient to sustain his convictions as there was no DNA or other physical evidence. *Id. Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Combs has defaulted these claims.

Additionally, Combs failed to properly present to the Supreme Court of Virginia Claims 3, 4(a), 5, and the portion of 4(b) where he complains about the lack of a "certificate of

---

[14] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

14

analysis[,] saliva test, . . . [and], Rape Test." (§ 2254 Pet. 10.)  Were Combs to attempt to

present these claims now to the Supreme Court of Virginia that Court would find Claims 3, 4(a),

4(b), and 5 barred by *Slayton*.  Thus, Combs has procedurally defaulted these claims.  *See*

*Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 735 n.1).  Combs fails to advance any basis

for excusing his default. (*See* § 2254 Pet. 6, 8, 10, 11, 13).  Accordingly, Claims 1, 2, 3, 4(a),

4(b), and 5 will be DISMISSED.[15]

### VI.  Conclusion

For the foregoing reasons, Combs's claims will be DISMISSED.  Respondent's Motion

to Dismiss (ECF No. 13) will be GRANTED.  Comb's Motion for Order (ECF No. 20) wherein

he requests that the Court reject Respondent's Motion to Dismiss will be DENIED.  Combs's

§ 2254 Petition will be DENIED, and the action will be DISMISSED.  The Court will DENY a

certificate of appealability.[16]

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: SEP 2 7 2013

---

[15] The Court dismisses as procedurally defaulted those portions of Claims 4(a) and 4(b)
that Combs failed to properly present to the Virginia courts on his direct appeal.

[16] A petitioner may not appeal from the final order in a § 2254 proceeding unless a judge
issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue
unless a prisoner makes "a substantial showing of the denial of constitutional right."  28 U.S.C.
§ 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether
(or, for that matter, agree that) the petition should have been resolved in a different manner or
that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4
(1983)) (additional internal quotation marks omitted).  No law or evidence suggests that Combs
is entitled to further consideration in this matter.